UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KAVEN MENARD

                             Plaintiff,

          -v-

The CITY OF NEW YORK; New York City
Department of Corrections Captain YOUNG, and
Officers PETEROY (Shield No. 14510) and PETERS
(Shield No. 3693), in their individual capacities,

                            Defendants.
-------------------------------------------------------------------x

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

**16 CV 2178**

     Plaintiff KAVEN MENARD, through his attorney Rebecca M. Heinegg, Esq., as and for

his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. Pursuant to the Civil Rights Act of 1871, amended and codified as 42 U.S.C. § 1983, and the

   laws of the State of New York, plaintiff KAVEN MENARD brings this civil rights action for

   violations of his constitutional and common law rights and for injuries caused by defendants

   Captain YOUNG and Officers PETEROY and PETERS of the New York City Department of

   Correction ("DOC") and by the municipal policies, practices and customs of their employer,

   defendant CITY OF NEW YORK.

2. This complaint – arising from the use of force against Mr. MENARD by DOC Captain

   YOUNG and Officers PETEROY and PETERS and the subsequent lodging of infractions

   based upon false allegations that Mr. MENARD assaulted Officer PETEROY – seeks

   compensatory damages, punitive damages and attorneys' fees.

1

**JURISDICTION AND VENUE**

3.  This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, for violations of the Fourteenth Amendment to the Constitution of the United States.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1-2) in that defendant CITY OF NEW YORK resides in this venue and Mr. MENARD's claims arose within the confines of this judicial district.

5.  An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

6.  Pursuant to New York State General Municipal Law § 50-e, Mr. MENARD filed a timely Notice of Claim with the New York City Comptroller on or about October 21, 2015, within ninety (90) days of the events complained of herein. Mr. MENARD's claim was not adjusted by the New York City Comptroller's Office within the period of time provided by statute.

7.  This Court therefore has supplemental jurisdiction over Mr. MENARD's claims against the defendants under the Constitution and laws of the State of New York because they are so related to the within federal claims that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

8.  Plaintiff KAVEN MENARD is an African-American male, and at all times relevant to this action was a resident of the County of Kings in the State of New York.

9.  Defendant CITY OF NEW YORK, through its agency DOC, is authorized under the laws of the State of New York to maintain correctional facilities, which act as its agent and for which it is ultimately responsible. The CITY assumes the risks incidental to the maintenance of correctional facilities and the employment of correctional officers under its employ.

10. Defendants DOC Captain YOUNG and Officers PETEROY and PETERS are and were at all times relevant herein employees and agents of the CITY, through DOC. They are being sued in their individual capacities.[1]

11. At all times relevant herein, Captain YOUNG and Officers PETEROY and PETERS were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the CITY and/or DOC, and otherwise performed and engaged in conduct incidental to the performance of his lawful functions in the course of his respective duties. They were acting for and on behalf of the CITY and/or DOC at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the CITY and/or DOC and incidental to the lawful pursuit of their duties as officers, employees and agents of the CITY and/or DOC.

## STATEMENT OF FACTS

12. The incident described herein occurred on September 21, 2015 at approximately 11:00 p.m. inside the Otis Bantum Correction Center, a Rikers Island facility, in East Elmhurst, New York.

13. On the date of the incident, Mr. MENARD was a pretrial detainee in the custody of the DOC.

14. On the date and approximate time above, Mr. MENARD was taken out of his cell, handcuffed, and taken to the clinic by corrections officers.

15. In the medical clinic, defendants PETEROY and PETERS handcuffed Mr. MENARD to the wall.

16. While Mr. MENARD was handcuffed, defendant PETEROY, without provocation, punched him in the face, while defendant PETERS bent his hand backwards.

---

[1] The true and complete first names of defendants YOUNG, PETERS and PETEROY are not currently known to Mr. MENARD.

17. Defendants PETERS and PETEROY both proceeded to punch Mr. MENARD several times.

18. At some point during the assault, defendant YOUNG arrived and kicked Mr. MENARD in the tailbone, in the back of the head, and in the face.

19. Defendants' use of force broke Mr. MENARD's nose, injured his eye, causing ongoing blurred vision, chipped his tooth, and caused immediate pain, swelling, bruising, and bleeding.

20. The assault terminated only when the DOC probe team arrived.

21. As required by DOC policy, an investigation unit took photographs of Mr. MENARD's injuries.

22. Mr. MENARD was thereafter transported to Elmhurst Hospital, where he was treated for facial swelling and a nasal fracture.

23. Upon information and belief, defendant PETEROY thereafter forwarded false information about the incident, causing a Report and Notice of Infraction to be generated against Mr. MENARD, thereby initiating disciplinary proceedings alleging that Mr. MENARD assaulted defendant PETEROY.

24. As a result of this incident, Mr. MENARD suffered physical, psychological and emotional injuries, loss of liberty, mental anguish, suffering, humiliation, and embarrassment.

**FIRST CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION**
**THROUGH 42 U.S.C. § 1983**

25. Plaintiffs incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

26. On the date of the incident described above, Mr. MENARD was a pre-trial detainee.

27. Defendants' use of force against plaintiff served no legitimate penological purpose, and was motivated in whole or in part by defendants' perception of plaintiff's race and sexual orientation.

28. By defendants' use of unlawful force against Mr. MENARD, which defendants, acting under color of state law and without lawful justification, intentionally, and/or with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damages to Mr. MENARD in violation of his rights secured by the Fourteenth Amendment, through 42 U.S.C. § 1983, including, without limitation, deprivation of the following constitutional rights:

   a. Freedom from unreasonable seizures of his person, including but not limited to the use of excessive force;

   b. The right to due process of law; and

   c. The enjoyment of equal protection, privileges and immunities under the law.

29. By reason of defendants' unlawful use of force, Mr. MENARD has endured substantial physical and emotional injuries and was otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
*MONELL* **CLAIM AGAINST DEFENDANT CITY OF NEW YORK**
**THROUGH 42 U.S.C. § 1983**

30. Mr. MENARD incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

31. At all times material to this complaint, there was a pattern and practice of conduct by DOC officials on Rikers Island that violated the constitutional rights of inmates. There was, and is, a "deep-seated culture of violence" which was "pervasive" across the various facilities on Rikers Island, and "DOC staff routinely utilize[d] force not as a last resort, but instead as a means to control the [ ] population and punish disorderly or disrespectful behavior." *See*

5

Report from United States Attorney Preet Bharara to New York City Mayor Bill de Blasio, et al., dated August 4, 2014 ("U.S. Attorney Report"), at 3.[2]

32. At all times material to this complaint, there was a pattern and practice of "correction officers resort[ing] to 'headshots,' or blows to an inmate's head or facial area too quickly." *See id.* at 4.

33. At all times material to this complaint, there was a pattern and practice of using force "as punishment or retribution." *See id.*

34. At all times material to this complaint, there was a pattern and practice of using force "in response to inmates' verbal altercations with officers." *See id.*

35. The above-described *de facto* policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

36. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees including defendants YOUNG, PETERS, and PETEROY and failed to inform supervisors (including defendants YOUNG, PETERS, and PETEROY's supervisors) of their need to train, screen, supervise or discipline DOC employees such as defendants YOUNG, PETERS, and PETEROY regarding the limits on uses of force.

37. Further, the "DOC's hiring process has failed to recruit sufficient talented [corrections officers] and has failed, in some instances, to weed out those who would abuse their

---

[2] *Available at* http://www.justice.gov/usao/nys/pressreleases/August14/RikersReportPR/SDNY%20Rikers%20Report.pdf. Mr. MENARD hereby incorporates the U.S. Attorney Report by reference herein.

position." *See* New York City Department of Investigation Report on the Recruiting and

Hiring Process of New York City Correction Officers, January 2015 ("DOI Report"), at 2.[3]

38. The above-described policies, practices, customs, and usages, and the above-described failure

to properly hire, train, screen, supervise, or discipline, were direct and proximate causes of

the unconstitutional conduct alleged herein, causing injury and damage in violation of Mr.

MENARD's constitutional rights under the Due Process Clause of the Fourteenth

Amendment, through 42 U.S.C. § 1983.

39. As a result of the foregoing, Mr. MENARD suffered conscious pain and suffering, damage,

injury, and had significant restrictions placed on his liberty.

### THIRD CAUSE OF ACTION
### ASSAULT AND BATTERY
### UNDER THE LAWS OF THE STATE OF NEW YORK

40. Mr. MENARD incorporates by reference the allegations set forth in all preceding paragraphs

as if fully set forth herein.

41. By the actions described above, defendants YOUNG, PETERS, and PETEROY did inflict

assault and battery upon Mr. MENARD. The acts and conduct of defendants YOUNG,

PETERS, and PETEROY were the direct and proximate cause of injury and damage to Mr.

MENARD and violated his statutory and common law rights as guaranteed by the laws and

Constitution of the State of New York.

42. The conduct of defendants YOUNG, PETERS, and PETEROY alleged herein occurred while

they were on duty and in uniform, and/or in and during the course and scope of their duties

and functions as a DOC official, and/or while they were acting as an agent and employee of

defendant CITY, clothed with and/or invoking state power and/or authority, and, as a result,

---

[3] *Available at* http://www.nyc.gov/html/doi/downloads/pdf/2015/jan15/pr01rikers_aiu_011515.pdf. Mr. MENARD
hereby incorporates the DOI Report by reference herein.

defendant CITY is liable to Mr. MENARD pursuant to the state common law doctrine of *respondeat superior*.

43. As a result of the foregoing, Mr. MENARD was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION, AND TRAINING UNDER THE LAWS OF THE STATE OF NEW YORK

44. Mr. MENARD incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. As demonstrated by the facts alleged herein, defendant CITY negligently hired, screened, retained, supervised, and trained defendants YOUNG, PETERS, and PETEROY. The acts and conduct of defendants YOUNG, PETERS, and PETEROY were the direct and proximate cause of injury and damage to Mr. MENARD and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. As a result of the foregoing, Mr. MENARD was deprived of his liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, and was otherwise damaged and injured.

## JURY DEMAND

47. Mr. MENARD demands a trial by jury in this action on each and every one of his damage claims.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Mr. MENARD demands judgment against the defendants jointly and

severally and prays for relief as follows:

a. That he be compensated for violations of his constitutional rights, pain,
   suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of
   this action; and

d. For such other further and different relief as to the Court may seem just and
   proper.

Dated:          New York, New York
                March 24, 2016

                                    Respectfully submitted,

                                    _____

                                    Rebecca M. Heinegg
                                    *Attorney for the Plaintiff*
                                    42 Broadway, 12th Floor
                                    New York, New York 10004
                                    t: 212-227-2303