UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
KAVEN MENARD

                                    **AFFIRMATION OF**
                                  **REBECCA M. HEINEGG**

                    Plaintiff,

      -v-                                                    **16 CV 2178 (RMB)**

The CITY OF NEW YORK; New York City
Department of Corrections Captain YOUNG, and
Officers PETEROY (Shield No. 14510) and PETERS
(Shield No. 3693), in their individual capacities,

                                Defendants.
-------------------------------------------------------------------x

      **REBECCA HEINEGG**, an attorney duly admitted to practice in the State of New York and before this Court, declares under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following statements are true:

1. I represent the plaintiff in the above-captioned matter.

2. I submit this declaration, pursuant to Local Civil Rule 1.4, in support of my motion to withdraw as counsel of record for plaintiff.

3. On March 24, 2016, this office filed a Complaint on behalf of the plaintiff, alleging civil rights violations by the City of New York and several members of the New York City Department of Correction (DOC), under 42 U.S.C. § 1983, the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and New York State laws. The incident began on September 21, 2015, when plaintiff Kaven Menard was assaulted by DOC officers while he was detained on Rikers Island. Plaintiff contends that the use of force against him was excessive, unlawful, and constituted cruel and unusual punishment.

4. In the course of my last communication with the plaintiff, he indicated to me that he will be seeking to retain new counsel, due to our irreconcilable differences regarding the course of action to be pursued in this matter.

5. In addition, for reasons which should be articulated *in camera*, this office seeks to be relieved from this case. *See Winkfield v. Kirschenbaum & Phillips, P.C.,* No. 12 Civ. 7424, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (granting a motion for withdrawal where there were irreconcilable differences between lawyer and plaintiff and where there existed "different views of the merits of the case and the potential recovery").

6. Because my request to be relieved is supported by good cause, I request that the Court grant this office a charging lien for the fair value of my services in an amount to be determined in the future if there is a recovery. My services included, but were not limited to, interviewing the plaintiff, drafting the complaint, reviewing documents and engaging in discovery, appearing for an initial conference and several subsequent settlement conferences, consulting with plaintiff, and speaking with and exchanging correspondence with defense counsel. *See Winkfield*, 2013 WL 371673 at *2 ("Attorneys who terminate their representation are still entitled to enforce a lien, as long as the attorney does not withdraw without 'good cause' and is not discharged for 'good cause.'").

7. I request that the Court grant a brief stay in this matter in order to allow plaintiff to retain new counsel.

8. Finally, I request that the Court grant this office a retaining lien on the file until such time as we are reimbursed for advancing the civil case filing fee of $400. *See Stair v. Calhoun*, 722 F. Supp. 2d 258, 276 (E.D.N.Y. 2010).

9. I have mailed a copy of this motion to plaintiff at Greene Correctional Facility, where he is presently incarcerated.

Dated: New York, New York
      June 6, 2017

                                                                                       _____/s/_____
                                                                                         Rebecca M. Heinegg
                                                                                         *Attorney for Plaintiff*